United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51008
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY O'NEAL JOHNSON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-9-1
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Tony O'Neal Johnson appeals his conviction and total 292-month sentence following a guilty plea for three counts of possession with intent to distribute at least five grams of cocaine base.  Johnson argues that counsel rendered ineffective assistance in connection with his guilty plea and sentencing, specifically arguing that counsel 1) failed to discuss with him the significance of the sentencing enhancement information filed by the Government prior to the guilty plea, 2) failed to inform

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him of the range of punishment for his offense prior to the guilty plea, 3) failed to file objections to the presentence report, and 4) failed to request a downward departure from the Sentencing Guidelines.

As a general rule, this court declines to review claims of ineffective assistance of counsel on direct appeal, although we may do so in exceptional cases. See United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). This is not the exceptional case. Accordingly, we decline to review Johnson's ineffective assistance claims in this direct appeal. The judgment of the district court is affirmed without prejudice to Johnson's right to raise them in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We express no view on the merits of such a motion.

AFFIRMED.